```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
THOMAS BUTTI,                            :
                      Petitioner,        :
                                         :   03 Civ. 6521 (DLC)
         -v-                             :
                                         :   OPINION AND ORDER
GLENN S. GOORD, Commissioner, New York   :
State Department of Correctional         :
Services,                                :
                                         :
                      Respondent.        :
                                         :
-----------------------------------------X
```

Appearances:

For Petitioner:

Raymond E. Kerno
Law Office of Raymond E. Kerno
1527 Franklin Avenue, Suite 104
Mineola, New York  11501

For Respondent:

John J. Sergi
Office of the District Attorney
Westchester County Courthouse
111 Martin Luther King Jr. Blvd.
White Plains, New York  10601


DENISE COTE, District Judge:

On August 28, 2003, petitioner Thomas Butti ("Butti") filed this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to vacate his 1999 conviction for various crimes related to insurance fraud.  The petitioner asserts violations of (1) his right to a speedy trial and (2) his due process protections resulting from pretrial delay and the prosecution's reliance on a pretrial waiver of his state speedy trial right. The petition was referred to Magistrate Judge James C. Francis

for a Report and Recommendation ("Report").  The Report, to which Butti objects, recommends that the petition be denied.  For the following reasons, the Report is adopted and the petition is denied.

## BACKGROUND

The relevant facts are set forth in the Report and summarized here.  Butti has been convicted three times for crimes relating to insurance fraud.  On August 18, 1994, Butti pled guilty to charges relating to insurance fraud and entered into a Memorandum of Understanding ("Cooperation Agreement") with the prosecution.  When Butti violated the terms of the Cooperation Agreement he was sentenced on the basis of his guilty plea.

On November 24, 1996, Butti was arrested on new charges of insurance fraud, relating to events occurring around the same time as those covered by his first conviction.  On December 11, 1996, Butti entered into a Superior Court Information Conference Waiver ("SCI Agreement") with the District Attorney and agreed to waive his New York state right to a speedy trial during plea negotiations.  On November 10, 1997, Butti rejected the offered plea agreement, voiding the SCI Agreement.

Consequently, on March 12, 1998, Butti was indicted on ten counts related to insurance fraud.  Judge Angiolillo denied Butti's pretrial motion to dismiss the charges against him for violation of his right to a speedy trial and due process.  Butti's omnibus motion, which again included his speedy trial

2

claim, was denied on September 25, 1998, and his motion to reargue his omnibus motion was denied on December 14, 1998. Trial was set for January 11, 1999. On the trial date, Butti pled guilty to all ten counts in the indictment. This was Butti's second conviction for crimes related to insurance fraud.[1] During his plea allocution he reserved his right to appeal and withdrew a renewed motion to reargue his omnibus motion. Butti was sentenced on the basis of his plea.

On appeal, Butti argued that the pre-indictment delay violated his Sixth Amendment speedy trial and Fourteenth Amendment due process rights. Butti argued that the prosecution's reliance on the Cooperation Agreement waivers in excusing pretrial delay violated due process as well.[2] On May 28, 2002, the Appellate Division, Second Department affirmed Butti's conviction but vacated a restitution order, holding that "[u]pon our review of the facts set forth in People v. Taranovich, 335 N.E.2d 303 (N.Y. 1975), we conclude that the defendant's right to a speedy trial was not violated," and that "[t]he defendant's remaining contentions were waived upon his

---

[1] This petition relates to Butti's second conviction ("1999 Conviction"). In 2001 Butti was again convicted of crimes related to insurance fraud, this time based on activity committed during his incarceration pursuant to the 1999 Conviction.

[2] To the extent that it relied on any agreement in justifying pre-trial delays, the prosecution relied on the SCI Agreement made during plea negotiations before the 1999 Conviction. Butti's misunderstanding of the facts did not affect the Appellate proceedings, which denied his claims based on the fact that his guilty plea waived future due process challenges.

plea of guilty to the entire indictment." People v. Butti, 742 N.Y.S 2d 570, 571 (2d Dep't 2002). On September 18, 2002, the New York Court of Appeals denied leave to appeal. People v. Butti, 779 N.E.2d 190 (N.Y. 2002).

## DISCUSSION

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a de novo determination of the portions of the report to which petitioner objects. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "A district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, requires that a habeas corpus petition based on claims that were adjudicated on the merits in state court must be denied unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (emphasis supplied). AEDPA further mandates that a state court's determination of a factual issue shall be presumed correct and may be rebutted only by clear and convincing

4

evidence.  28 U.S.C. § 2254(e)(1).

Forfeiture of Due Process Claim

Butti claims that the pre-trial delay, including any reliance on his Cooperation Agreement as a waiver of his speedy trial right, violated his constitutional due process guarantee. The Report found Butti's due process claims were procedurally barred from review, because they had been denied on independent and adequate state law grounds in the Appellate Division's proceedings.  Butti fails to raise a substantive objection to the Report's analysis.  Instead he argues that his reliance on the trial court's representations during his plea allocution regarding his right to appeal preserved his due process claims for habeas review.  Butti cites Lee v. Kemna, 534 U.S. 362 (2002), in support of this argument.

The Appellate Division, citing People v. O'Brien, 439 N.E.2d 354 (N.Y. 1982), and People v. Gerber, 589 N.Y.S.2d 171 (2d Dep't 1992), denied Butti's due process claims on state law waiver grounds.  Moreover, Butti's citation of Lee is inapposite, as Lee addressed the preservation of habeas claims raised by a defendant who had proceeded to trial, not one who entered a guilty plea. Therefore, the Report correctly found that the independent and adequate state law finding precludes habeas review of Butti's due process claims.[3]

---

[3] It is well-settled federal law that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact

5

Sixth Amendment Claim

The Report concludes that Butti's speedy trial argument is preserved for review, is not waivable, and was rejected by the Appellate Division on the merits. See Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975); People v. Hansen, 738 N.E.2d 773, 776-77 (N.Y. 2000). In his petition, Butti claims that the pre-trial delay violated his Sixth Amendment right to a speedy trial.

The Report recommends denying the Sixth Amendment claim based on a detailed analysis of the factors enunciated in Barker v. Wingo, 407 U.S. 514 (1972). To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts examine four factors: (1) the length of the delay; (2) the reason for the delay; (3) the timing and frequency of the defendant's assertion of his speedy trial right; and (4) any prejudice to the defendant caused by the delay. Id. at 530. Butti objects to the Report's findings with respect to the first, second and fourth factors. An objection which is "devoid of any reference to specific findings or recommendations" and is "unsupported by legal authority" does not preserve the claim.

---

guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Because New York courts apply a standard that is substantially similar to the Tollett standard, see Hansen, 738 N.E.2d at 776 (citing Tollett, 411 U.S. at 267), the outcome is the same even if the Appellate Division's decision is not construed as an independent and adequate state law basis for decision.

6

Mario v. P & C Foods, Inc., 313 F.3d 758, 766 (2d Cir. 2002). While Butti's substantive objection to the Report's analysis of the first factor merits a de novo review by this court, his bare statements of disagreement with the Report's findings as to the second and fourth factors are insufficient to preserve those issues for de novo review.

The first factor, length of the delay, is a threshold consideration. Barker, 407 U.S. at 530. As the post-accusation delay approaches one year, the Barker inquiry is triggered and the extent of the delay must be weighed against the other three Barker factors. Doggett v. United States, 505 U.S. 647, 651-2, 652 n.1 (1992). The Report found the 25-month delay between Butti's arrest and trial date presumptively prejudicial, thereby triggering an evaluation of the remaining three factors. Butti objects to the Report's reasoning that because his delay was shorter than those in cases in which no violation was found, this factor does not weigh in his favor. No single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. . . . [C]ourts must still engage in a difficult and sensitive balancing process." Barker, 407 U.S. at 533. The length of the pre-trial delay, therefore, must be considered in relation to the remaining three factors and in the context of the circumstances surrounding the delay. Id. at 533-34.

The Report's analysis of the reason for delay, the timing and frequency of Butti's assertion of his speedy trial right, and

7

any prejudice caused by the delay are not facially erroneous. First, the Report correctly concluded that through his plea negotiations and pre-trial motions, Butti was primarily responsible for the pretrial delay. The Report also correctly found that although Butti frequently asserted his speedy trial right, he has shown no prejudice due to the delay. Butti's conjecture that "witnesses no doubt relocated and become [sic] unavailable" and that "[t]here are, perhaps, many other collateral consequences that have yet to surface as a result of the delay" is not sufficient evidence of prejudice.[4] Considering the circumstances of the pretrial delay and the absence of any resulting prejudice, Butti has not shown an unreasonable delay in violation of his Sixth Amendment right to a speedy trial.

**CONCLUSION**

The Report is adopted and the petition for a writ of habeas corpus is denied. In addition, I decline to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Tankleff v. Senkowski, 135 F.3d 235,

---

[4] Butti also objects to the Report's refusal to evaluate the claim that he suffered prejudice when he lost his eligibility for shock incarceration as a result of the 1999 conviction. Because Butti failed to make this argument in his state court proceedings, the Report correctly finds it unexhausted and therefore unreviewable. Moreover, even if the claim were appropriate for federal review, it would fail on the merits, as Butti does not show how the revocation of his eligibility was the result of the delay, or that such a loss is a cognizable Sixth Amendment injury.

241 (2d Cir. 1998). I also find pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition.

SO ORDERED:

Dated: New York, New York
August 8, 2005

_____
DENISE COTE
United States District Judge